# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EARL ROBINSON,
    Petitioner,

vs.

TIM BRUNSMAN, WARDEN,
    Respondent.

Civil Action No. 1:08-cv-653

Barrett, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1) and on respondent's return of writ and exhibits thereto. (Doc. 10).

## I. PROCEDURAL HISTORY

Respondent has accurately set forth the procedural history of this matter (see Doc. 10 at 1-5), which the Court repeats herein verbatim:

The Hamilton County Grand Jury indicted Robinson on three counts of gross sexual imposition as defined in Ohio Revised Code § 2907.05(A)(4), all felonies of the third degree; three counts of illegal use of a minor in nudity oriented material or performance as defined in Ohio Revised Code § 2907.323(A)(1), all felonies of the second degree, and one count of tampering with evidence as defined in Ohio Revised Code § 2921.12(A)(1), a felony of the third degree. (Doc. 10, Exhibit 1).

On July 28, 2004, Robinson pled guilty to one count of gross sexual imposition and two counts of illegal use of a minor in nudity oriented material. (Doc. 10, Exhibits 2, 3). The State dismissed the remaining counts. (Doc. 10, Exhibit 3, Tr. 4). In a judgment entry filed on August 18, 2004, the trial court sentenced Robinson to maximum terms of five years for gross sexual

imposition and eight years for each count of illegal use of a minor in nudity oriented material. The two eight year terms were to be served consecutive to each other but concurrent to the five year sentence, for a total sentence of sixteen years. (Doc. 10, Exhibit 4). The Court deemed Robinson a sexual predator. (*Id.*, Case No. B-0402575).

## Direct Appeal

Robinson, with the assistance of new counsel, timely appealed to the First District Court of Appeals, raising the following claims:

> 1. The court erred in imposing maximum and consecutive sentences in this case in violation of Ohio Revised Code.
>
> 2. The trial court erred in making findings to support a maximum sentence in violation of Robinson's rights guaranteed by the Sixth Amendment to the United States Constitution.
>
> 3. Trial counsel was ineffective in advising appellant to enter a plea to a charge of which he was not guilty.

(Doc. 10, Exhibits 5, 6). The State filed a responsive brief. (Doc. 10, Exhibit 7). On March 17, 2006, the Court of Appeals affirmed the portion of the trial court's judgment accepting Robinson's guilty plea but vacated Robinson's sentence and remanded the case to the trial court for resentencing pursuant *State v. Foster*, (2006) 109 Ohio St. 3d 1 (Doc. 10, Exhibit 8, Case No. C-040592). Robinson did not appeal.

## Resentencing

At his May 11, 2006 resentencing hearing, the trial court imposed the original sentence. (Doc. 10, Exhibit 10; Exhibit 28, Case No. B-0402575). On May 2, 2006, Robinson moved to withdraw his guilty plea, but at his resentencing hearing he informed the court of his decision to withdraw the motion. (Doc. 10, Exhibit 9; Doc. 10, Exhibit 28, Tr. 1).

Robinson timely appealed to the First District Court of Appeals, raising the following assignment of error:

> 1. The trial court erred to the prejudice of defendant-appellant by imposing a sentence that is contrary to law.

(Doc. 10, Exhibits 11, 12). The state filed a responsive brief. (Doc. 10, Exhibit 13). On April 18, 2007, the Court of Appeals overruled Robinson's sole assignment of error and affirmed the judgment of the trial court. (Doc. 10, Exhibit 14, Case No. C-060459.)

On May 24, 2007, Robinson, through his attorney, filed a timely notice of appeal to the Supreme Court of Ohio. He asserted the following proposition of law in his memorandum in support of jurisdiction.

> 1. The trial court erred to the prejudice of appellant by imposing a sentence that is contrary to law because it was excessive.

(Doc. 10, Exhibits 15, 16). The State filed a brief in response. (Doc. 10, Exhibit 17). The Supreme Court of Ohio denied Robinson leave to appeal on September 26, 2007. (Doc. 10, Exhibit 18, Case No. 2007-0963).

## Application to Reopen

On June 25, 2007, Robinson, pro se, filed an application to reopen the appeal in the First District Court of Appeals, pursuant to Appellate Rule 26(B). (Doc. 10, Exhibit 19). He argued that appellate counsel was ineffective for failing to raise the following assignments of error:

> 1. The trial court erred in imposing consecutive terms of incarceration on remand in the absence of any statutory authority to do so, violating appellant's right to due process and equal protection of the law.
>
> 2. Defendant's due process right to notice of charges and opportunity to be heard as well as the right to trial by jury was violated when the trial court exceeded the statutory maximum sentence mandated by O.R.C. 2929.14 and the Fifth, Sixth and

> Fourteenth Amendments. The decision rendered by the Supreme Court of Ohio in *State v. Foster* (2006), 109 Ohio St. 3d 1, which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
>
> 3. Defendant's resentencing violated his rights under the ex post facto clause of the federal constitution by sentencing defendant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense.

*Id.* The State filed a response arguing that the application should be denied. (Doc. 10, Exhibit 20). On August 23, 2007, the Court of Appeals denied Robinson's application to reopen because his claims were barred by the doctrine of res *judicata*. (Doc. 10, Exhibit 21, Case No. C-060459).

Robinson, pro se, timely appealed to the Supreme Court of Ohio, asserting the following propositions of law in his memorandum in support of jurisdiction:

> 1. Whether res judicata bars an ineffective assistance of appellate counsel claim and substantial grounds for relief, where the issues of an unlawful sentence was not properly or fully raised on direct appeal and without appellant's consent the same appointed and ineffective appeals attorney file[s] an appeal to the Ohio Supreme Court.
>
> 2. Where a trial court erred in imposing consecutive terms of incarceration on remand in the absence of any statutory authority to do so, the trial court lacked jurisdiction and, violated appellant's right to due process and equal protection of the law.
>
> 3. Where the decision rendered by the Ohio Supreme Court in *State v. Foster* (2006) 109 Ohio St. 3d 1, which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected, appellant's due process right to notice of the charges, the opportunity to be heard and, the right to be found guilty beyond a reasonable doubt by a jury, is violated when the trial court exceeded the statutory maximum sentences mandated by O.R.C. §2929.14 and Fifth, Sixth and Fourteenth Amendment[s] of the U.S. Constitution.
>
> 4. Where the resentencing of the appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense, violates appellant's rights under the ex post facto clause of the Federal

Constitution.

(Doc. 10, Exhibits 22, 23). On November 21, 2007, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. 10, Exhibit 24, Case No. 2007-1803).

**Federal Habeas Corpus**

On September 22, 2008, petitioner filed a Petition for Writ of Habeas Corpus raising the following grounds for relief:

> **GROUND ONE**: Ineffective assistance of appellate counsel.
>
> Supporting Facts: Res judicata does not bar an ineffective assistance of appellate counsel claim and substantial grounds for relief, where the issue of an unlawful sentence was not properly or fully raised on direct appeal, and without appellant's consent the same appointed and ineffective appeals attorney filed an appeal to the Ohio Supreme Court.
>
> **GROUND TWO:** A trial court cannot impose consecutive sentences without established jurisdiction through statutory authority.
>
> Supporting Facts: The trial court lacked jurisdiction and erred in imposing consecutive terms of incarceration on remand in the absence of any statutory authority, and violated his right to due process and equal protection of the law.
>
> **GROUND THREE**: Petitioner's sentence is void under the 5th, 6th, and 14th Amendments of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution, violating petitioner's due process right to notice of the charges and the opportunity to defend as well as the right to prove beyond a reasonable doubt by jury determination.
>
> Supporting Facts: The trial court exceeded the statutory maximum sentence by way of using judicial fact-findings that were not presented in the charging instrument; were not presented to a jury for determination by proof beyond a reasonable doubt, depriving the petitioner of the opportunity to defend against the accusations and thereby lowering the prosecution's burden of proof.
>
> **GROUND FOUR**: Petitioner's sentence violates the ex post facto clause of the federal constitution.

Supporting Facts: The resentencing of the petitioner to a term of incarceration that exceeded the maximum penalty available under the statutory framework at the time of the offense, violates petitioner's rights under the ex post facto clause of the federal constitution.

(Doc. 1, Petition).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of a state court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an

6

unreasonable application is different from an incorrect one.

*Bell v. Cone,* 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to adjudicate the constitutional issues, the AEDPA deferential standard of review set forth in section 2254(d) is inapplicable. *See Wiggins v. Smith,* 539 U.S. 510, 534 (2003); *Towns v. Smith,* 395 F.3d 251, 257 (6th Cir. 2005); *see also Clinkscale v. Carter,* 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir. 2003) ("Where as here, the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.")). Under these circumstances, the constitutional claim is reviewed *de novo* and the Court considers "the totality of the evidence-'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s].*'" *Wiggins,* 539 U.S. at 536 (emphasis in the original) (quoting *Williams v. Taylor,* 529 U.S. 362, 397-98 (2000)). *Accord Clinkscale,* 375 F.3d at 436.

Respondent contends that petitioner's grounds for relief have been procedurally defaulted and waived, and that the grounds for relief are without merit. Because the Court agrees that the petition should be dismissed as without merit, the Court declines to reach respondent's alternate contentions.

## III. THE CONSTITUTIONAL CLAIMS ASSERTED IN THE PETITION ARE WITHOUT MERIT.

Ground One of the petition asserts a claim of ineffective assistance of appellate counsel for counsel's alleged failure to challenge on appeal after petitioner's resentencing: (1) the imposition of consecutive sentences in light of the severance remedy imposed by the Ohio Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006) (Ground Two of the petition); (2) the imposition of maximum sentences in violation of *Blakely v. Washington,* 542 U.S. 296 (2004) and

the Due Process Clause (Ground Three of the petition); and (3) the imposition of maximum sentences in violation of the Ex Post Facto Clause (Ground Four of the petition).

To establish his ineffective assistance of appellate counsel claim, petitioner must demonstrate: (1) his attorney on direct appeal made such serious errors he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his attorney's deficient performance prejudiced the defense by undermining the reliability of the appeal result. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id.* at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *Id.* at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have

been different absent the errors." *Id.* at 695; *see also Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003); *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000).

The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *Id.* at 697.

As explained below, none of the sentencing claims petitioner sought to raise on appeal after his resentencing have any merit. Therefore, petitioner suffered no prejudice as a result of counsel's failure to raise such claims on appeal and fails to establish his ineffective assistance of appellate counsel claim under *Strickland*.

Petitioner contends that appellate counsel was ineffective by not challenging the imposition of maximum and consecutive sentences on appeal from his May 2006 re-sentencing. Petitioner asserts that his post-*Foster* prison sentence violates the Sixth Amendment and *Blakely v. Washington*, 542 U.S. 296 (2004), and his rights under the Due Process and Ex Post Facto Clauses. (Doc. 10, Exh. 19 at 2-9). Each of these claims lacks merit.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Blakely* reaffirmed *Apprendi's* holding, but clarified:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

542 U.S. at 303-304 (internal citations omitted) (emphasis in the original). The *Blakely* Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 303.

The reasoning of *Blakely* was extended to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender

penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Ohio Supreme Court determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and allowed a court to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

In the instant case, petitioner argues that once the statutory authority for imposing consecutive sentences was severed from Ohio's sentencing statute by the Ohio Supreme Court in *Foster*, lower courts were without the statutory authority to impose consecutive terms of incarceration. He argues that his sentence is void and violates due process because the trial court was without jurisdiction to impose consecutive sentences. (Doc. 10, Exh. 19 at 2-3).

Contrary to petitioner's contention, the severance remedy imposed by the *Foster* Court did not preclude the imposition of consecutive sentences, but rather eliminated the need for any fact finding, judicial or otherwise, before consecutive sentences could be imposed. *See Foster*, 109 Ohio St.3d at 29, 845 N.E.2d at 498. Thus, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 30, 845 N.E.2d

at 498. As the Ohio Supreme Court recently explained, "The severance and excision of former R.C. 2929.14(E)(4)[1] and former R.C. 2929.41(A)[2] in their entirety by *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph four of the syllabus, leaves no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic 'purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12. As a result, the common-law presumptions are reinstated." *State v. Bates,* 118 Ohio St.3d 174, 179, 887 N.E.2d 328, 333 (2008). Thus, "the trial court now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently. . . ." *Id.*

When petitioner was re-sentenced in May 2006, the Ohio Supreme Court's decision in *Foster* applied and the trial judge had full discretion to impose consecutive prison terms without the necessity of fact finding and in accordance with its common law inherent authority. *See Oregon v. Ice,* 129 S.Ct. 711, 714 (2009) ("Most States continue the common-law tradition: They entrust to judges' unfettered discretion the decision whether sentences for discrete offenses shall be served consecutively or concurrently."). Since Ohio law does not prohibit the imposition of consecutive sentences, petitioner was not denied his constitutional right to due process when he was resentenced to consecutive terms of imprisonment. *See Barker v. Brunsman,* No. 2:09-cv-325, 2009 WL 1586209, at *2 (S.D. Ohio June 4, 2009) (rejecting the identical argument raised by petitioner and finding that the "federal Due Process Clause is ordinarily not implicated when a state court imposes consecutive sentences in a manner that appears to be authorized by state law. . . ."); *Taylor v.*

---

[1] The statute governing the imposition of consecutive sentences.

[2] Stating that sentences of imprisonment "shall" be served concurrently except as provided in Section 2929.14(E) and other enumerated sections.

12

*Tambi*, No. 2:08-cv-245, 2009 WL 1585209, at *2 (S.D. Ohio June 4, 2009) (same). The trial court was well within its discretion to impose consecutive prison terms and the imposition of such terms did not violate due process.

Moreover, petitioner is unable to prevail on any claim that the imposition of consecutive sentences violated his Sixth Amendment rights in light of *Blakely* and *Foster*. The Supreme Court recently determined that consecutive sentencing decisions do not trigger Sixth Amendment *Blakely* concerns. In *Oregon v. Ice,* 129 S.Ct. 711 (2009), the Supreme Court held that judicial fact-finding resulting in the imposition of consecutive sentences does not violate the Sixth Amendment "in light of historical practice and the authority of States over administration of their criminal justice systems." *Id.* at 714-15. *See also Evans v. Hudson,* 575 F.3d 560, 566 (6th Cir. 2009) (reversing district court's grant of conditional writ of habeas corpus because *Ice* effectively foreclosed petitioner's ineffective assistance of appellate counsel claim based on counsel's failure to challenge consecutive sentence based on judge-found facts). Therefore, appellate counsel's failure to challenge petitioner's sentence to consecutive terms in this case did not prejudice petitioner and cannot serve as a basis for petitioner's ineffective assistance of counsel claim.

Likewise, petitioner's sentence to maximum terms of imprisonment on resentencing did not violate his constitutional rights. The trial judge on resentencing had complete discretion to impose any prison sentence within the statutory range–for any reason or no reason–without having to make findings before imposing more than minimum sentences on petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98; *see also Minor v. Wilson,* 213 Fed. Appx. 450, 453 n. 1 (6th Cir. 2007). Nor did the State have any burden "to prove *anything* before the court could select any sentence within the appropriate sentencing range." *Wentling v. Moore,* 2008 WL 2778510, *8 (N.D. Ohio

July 14, 2008) (emphasis in the original). The trial judge's sentences on petitioner's gross sexual imposition offense and illegal use of a minor in nudity oriented material offense were within the statutory range, did not exceed the maximum sentence permitted by the range, and therefore did not violate *Blakely*. Thus, petitioner was not prejudiced by counsel's failure to raise this claim on appeal.[3]

Petitioner also asserts that the retroactive application of the *Foster* remedy to correct constitutional infirmities in Ohio's sentencing statutes constitutes a violation of the Constitution's Ex Post Facto and Due Process Clauses. This claim has been thoroughly discussed and uniformly rejected by this Court and other federal district and state courts in Ohio. *See Wright v. Warden, Pickaway Corr. Inst.*, __ F. Supp.2d __, No. 1:07cv1022, 2009 WL 1850170, at *1, *23-25 (S.D. Ohio June 25, 2009) (Barrett, J.; Hogan, M.J.) (to be published) (and cases cited and quoted therein); *Kelley v. Brunsman*, 625 F. Supp.2d 586, 606-608 (S.D. Ohio 2009) (Spiegel, J.; Hogan, M.J.); *Smith v. Brunsman*, 626 F. Supp.2d 786, 793-795 (S.D. Ohio 2009) (Barrett, J.; Black, M.J.) (noting that "both the federal district courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision").[4] *See also Hooks v. Sheets*, No. 1:07cv520, 2008 WL 4533693, at *3-5,

---

[3]To the extent Ground Three of the petition alleges that petitioner's consecutive and maximum sentences violate the Ohio Constitution, this claim raises a question of state law only which is not cognizable on federal habeas corpus review. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.), *cert. denied*, 488 U.S. 866 (1988); *see also Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir.) (concluding that violation of a state law is not cognizable in federal habeas corpus proceedings), *cert. denied*, 525 U.S. 1025 (1998).

[4] *See also Rettig v. Jefferys*, 557 F. Supp.2d 830, 841 (N.D. Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject[ing] *ex post facto* challenges to the *Foster* decision"); *Smith v. Welch*, No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D. Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman*, No. 1:08cv2522, 2009 WL 2143746 (N.D. Ohio July 16, 2009) (Boyko, J.; Perelman, M.J.) (unpublished); *Mason v. Brunsman*, No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D. Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe*, No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D. Ohio May 20, 2009) (Sargus, J.) (unpublished); *Pena v. Cooper*, No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D. Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson*, No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D. Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman*, No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D. Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe*, No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D.

*13-19 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.; Hogan, M.J.) (unpublished) (and cases cited therein).

The same reasoning contained in these decisions rejecting *ex post facto* challenges to *Foster* applies to the case-at-hand. *Foster* did not change the elements of the crimes of which petitioner was convicted and petitioner faced the same penalty ranges in the sentences for those offenses both before *Foster* (when he committed the offenses) and after *Foster*. *Cf. McGhee v. Konteh*, No. 1:07cv1408, 2008 WL 320763, at *11 (N.D. Ohio Feb. 1, 2008) (unpublished). Accordingly, the Constitution's Ex Post Facto and Due Process Clauses were not violated by the application of the *Foster* remedy in this case as asserted in Ground Four of the petition.

Since Grounds Two, Three, and Four of the petition are without merit, petitioner cannot establish that appellate counsel was ineffective for failing to argue such claims before the state court. *Strickland*, 466 U.S. at 687. Therefore, petitioner is not entitled to habeas relief based on the ineffective assistance of appellate counsel claim alleged in his first ground for habeas relief, or the sentencing claims raised in his second, third, and fourth grounds for relief.

---

Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein). *Cf. Turner v. Warden, Noble Corr. Inst.*, No. 1:08cv309, 2009 WL 866841, at *2, *9 (S.D. Ohio Mar. 31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster* did not apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision"); *Collins v. Warden, Chillicothe Corr. Inst.*, No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D. Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original sentence violated *Blakely*, his new sentence [under the *Booker* remedy adopted in *Foster*] did not," and that "[n]othing in the United States Constitution calls such a sentence into question").

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on any claims raised therein. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/27/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EARL ROBINSON,  
    Petitioner,

vs.

TIM BRUNSMAN, WARDEN,  
    Respondent.

Civil Action No. 1:08-cv-653

Barrett, J.  
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation **WITHIN TEN DAYS** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed **WITHIN TEN DAYS** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Earl Robinson #477-688
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7002 3150 0000 8388 4346

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:08cv653 (Doc. 11)